■ MARSHALL STARKMAN, Appellant, v CITY OF LONG BEACH et al., Respondents. [965 NYS2d 609]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered November 15, 2012, which denied his motion for summary judgment on the issue of liability and dismissing the defendants' first, second, fourth, fifth, and sixth affirmative defenses.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, and the defendants' first, second, fourth, fifth, and sixth affirmative defenses are dismissed.

At around noon on May 26, 2010, the defendant Police Officer Paul DeMarco was patrolling the beach in his patrol car when his vehicle struck the plaintiff, who was lying on the beach in a beach chair. The plaintiff commenced the instant action to recover damages for personal injuries. In their answer, the defendants asserted six affirmative defenses, including an affirmative defense based upon a qualified immunity pursuant to Vehicle and Traffic Law § 1104, and an affirmative defense based upon the common-law emergency doctrine, asserting that Officer DeMarco acted reasonably when confronted with an emergency not of his own making (see Lifson v City of Syracuse, 17 NY3d 492, 497 [2011]).

At his deposition, Officer DeMarco testified that, on the day of the accident, he noted that the beach was crowded. He saw people gathering on the boardwalk, pointing to the water and shouting. He drove toward them, and then toward the water to see "what was happening, if there was an emergency," at a speed of between five and seven miles per hour, and struck the plaintiff. He acknowledged that when he struck the plaintiff he was "not aware of any emergency situation that needed to be addressed." When he struck the plaintiff, he felt the vehicle "go over what appeared to be a bump," and saw the plaintiff for the first time when he looked in his rear view mirror.

The plaintiff moved for summary judgment on the issue of liability and dismissing the first, second, fourth, fifth, and sixth affirmative defenses, based upon the deposition testimony elicited during discovery. The defendant opposed those branches of the motion which sought summary judgment on the issue of liability, and opposed dismissal of the fifth and sixth affirmative defenses based upon Vehicle and Traffic Law § 1104 and the common-law emergency doctrine.

In the order appealed from, the Supreme Court denied the motion in its entirety, citing Vehicle and Traffic Law § 1104, on the ground that "there are clear questions of fact as to whether an emergency existed at the time Plaintiff was run over and whether Defendant DeMarco acted in reckless disregard of the safety of Plaintiff."

Vehicle and Traffic Law § 1104 (a) states that the driver of an authorized emergency vehicle, when involved in an emergency operation, may disregard certain traffic regulations. However, pursuant to Vehicle and Traffic Law § 1104 (e), "[t]he foregoing provisions shall not relieve the driver of an authorized emer-

gency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others." This is commonly referred to as the "reckless disregard standard of care," which requires the plaintiff to establish that the police officer acted in reckless disregard for the safety of others in order to impose civil liability (*see Saarinen v Kerr*, 84 NY2d 494, 502 [1994]). The reckless disregard standard of care is applicable only "when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (*Kabir v County of Monroe*, 16 NY3d 217, 220 [2011]). Vehicle and Traffic Law § 1104 does not apply to other conduct, such as where an accident occurs because the police officer did not see that which through the proper use of his or her senses he or she should have seen (*see Katanov v County of Nassau*, 91 AD3d 723, 725 [2012]).

In the instant case, Officer DeMarco acknowledged that he did not see the plaintiff until after he struck him with his car. His conduct—the failure to see that which was there to be seen—was not conduct specified in Vehicle and Traffic Law § 1104 (b) as exempt from the rules of the road (*see Katanov v County of Nassau*, 91 AD3d at 725). Accordingly, his conduct was governed by the principles of ordinary negligence (*see Chessey v City of New York*, 88 AD3d 625 [2011]). In any event, since Officer DeMarco acknowledged at his deposition that, at the time he struck the plaintiff, he was "not aware of any emergency situation that needed to be addressed," the common-law emergency doctrine is not applicable to this case. Accordingly, the fifth affirmative defense, which is based upon Vehicle and Traffic Law § 1104, and the sixth affirmative defense, which is based upon the common-law emergency doctrine, must be dismissed.

Under the principles of ordinary negligence, Officer DeMarco's failure to see what was there to be seen established the plaintiff's entitlement to judgment as a matter of law on the issue of liability (*see Mohammad v Ning*, 72 AD3d 913 [2010]). In opposition, the defendants failed to raise a triable issue of fact (*see Batal v Associated Univs.*, 293 AD2d 558 [2002]). Further, the first, second, and fourth affirmative defenses must be dismissed on the ground that the defendants did not oppose the dismissal of those affirmative defenses. In any event, those affirmative defenses were either waived (*see* CPLR 3211 [e]) or are without merit.

In view of the foregoing, we reverse the order appealed from

and grant the plaintiff's motion in its entirety. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.