■ NEW YORK COMMERCIAL BANK, Appellant, v J. REALTY F ROCKAWAY, LTD., et al., Respondents. [969 NYS2d 796]—

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered March 22, 2012, which denied its motion for summary judgment, and granted the defendants' cross motion to consolidate the instant action with an action entitled *New York Commercial Bank v J Realty F Rockaway, Ltd.*, pending in the Supreme Court, Queens County, under index No. 700818/11, and to place venue in Queens County.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the defendants' cross motion to consolidate the two actions and to place venue in Queens County is denied.

"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *see Sound Shore Med. Ctr. of Westchester v Maloney*, 96 AD3d 823 [2012]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the promissory note and loan agreement signed by the defendant, J. Realty F Rockaway, Ltd. (hereinafter J Realty), and guaranteed by the defendants J & F Rockaway Tavern, Ltd., Gerald Perich, and Frank Walker, coupled with an affidavit from one of the plaintiff's loan recovery officers asserting that J Realty failed to repay the loan in accordance with the terms of the note (*see Lugli v Johnston*, 78 AD3d at 1135). In opposition, the defendants failed to raise a triable issue of fact with respect to a bona fide defense (*see Sound Shore Med. Ctr. of Westchester v Maloney*, 96 AD3d at 823; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]). The Supreme Court should not have, sua

sponte, concluded that a triable issue of fact existed as to whether the plaintiff had complied with RPAPL 1301 (3), since the defendants never raised that affirmative defense in their opposition papers and, thus, by their failure to do so, waived it (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d 815 [2013]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]; *First Nationwide Bank v Brookhaven Realty Assoc.*, 223 AD2d 618, 621 [1996]).

There was no basis to consolidate the instant action with a pending foreclosure action in Queens County because the two actions do not share common questions of law or fact (*see* CPLR 602 [a]; *Perini Corp. v WDF, Inc.*, 33 AD3d 605, 606 [2006]).

Further, the plaintiff appropriately placed the venue of this action in Nassau County pursuant to a forum selection clause in the subject promissory note, and the defendants failed to show that the forum selection clause was invalid (*see KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*, 72 AD3d 650, 651 [2010]). Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.