■ EMIGRANT SAVINGS BANK-BROOKLYN/QUEENS, Appellant, v JOHANNE DOLISCAR, Respondent, et al., Defendants. [2 NYS3d 539]—

In an action to foreclose a mortgage, the plaintiff appeals, as

limited by its brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered October 19, 2012, as denied its motion for summary judgment on the complaint and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 2008, the defendant Johanne Doliscar executed a note memorializing a loan in the sum of $265,000 from Emigrant Mortgage Company, Inc. (hereinafter EMC). The note was secured by a mortgage on Doliscar's residence in Queens. In November 17, 2009, EMC executed a written assignment, assigning the mortgage and note to the plaintiff, Emigrant Savings Bank-Brooklyn/Queens.

On July 1, 2011, the plaintiff commenced this foreclosure action, alleging that it was the holder of the note and mortgage, pursuant to the written assignment dated November 17, 2009, and that it was "in possession of the original note, an allonge in blank, and other loan documents." In her answer, Doliscar alleged that the plaintiff could not prove that it was the lawful holder of the note and, thus, was not entitled to maintain this action. The plaintiff moved for summary judgment on the complaint and for an order of reference appointing a referee to compute the sums allegedly due and owing under the subject note and mortgage. The Supreme Court, inter alia, denied the plaintiff's motion.

A plaintiff has standing if it is the holder or assignee of both the subject mortgage and of the underlying note when the action is commenced (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627 [2014]; HSBC Bank USA v Hernandez, 92 AD3d 843 [2012]). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation' " (HSBC Bank USA v Hernandez, 92 AD3d at 844, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, Doliscar raised a triable issue of fact as to whether the plaintiff had standing to prosecute this action. Specifically, Doliscar raised triable issues of fact as to whether, prior to the commencement of this action on July 1, 2011, a written assignment of the mortgage and note allegedly delivered to the plaintiff was executed and drafted in a form sufficient to effectuate the assignment, and whether, prior to the commencement of the action, the actual note was physically delivered to the plaintiff (see HSBC Bank USA v Hernandez, 92 AD3d at 844; Aurora Loan Servs., LLC v Weisblum, 85

AD3d 95, 108 [2011]; *cf. Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]). The written assignment was made in blank, and there remain triable issues of fact as to when the written assignment was actually drafted and executed, and when the plaintiff took possession of the written assignment. Accordingly, there are triable issues of fact as to whether an assignment was made, or intended to be made, to the plaintiff (*see generally Lichtenstein v Eljohnan, Inc.*, 161 AD2d 397, 398 [1990]) prior the commencement of the action. Moreover, an allonge to the note that is included in the record was not only undated, but was both endorsed by EMC to the plaintiff and then endorsed in blank by the plaintiff, raising triable issues of fact as to whether the note was actually assigned to the plaintiff and, if so, whether the plaintiff had already reassigned the note to yet another party. Thus, the allonge presented a triable issue of fact as to whether the plaintiff was the holder or assignee of both the note and mortgage prior to its commencement of this action (*see Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 638 [2011]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and for an order of reference.

In light of our determination, we need not address the parties' remaining contentions. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.