WELLS FARGO BANK, N.A., as Trustee for OPTION ONE MORTGAGE LOAN TRUST 2007-CP1 ASSET-BACKED CERTIFICATES, SERIES 2007-CP1, Appellant, v EDWARD A. PARKER, Respondent, et al., Defendants. [5 NYS3d 130]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated September 4, 2012, which granted that branch of the motion of the defendant Edward A. Parker which was to

dismiss the complaint insofar as asserted against him, based on the plaintiff's lack of standing, and denied, as academic, its cross motion for summary judgment dismissing the defenses and counterclaims asserted by the defendant Edward A. Parker.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant Edward A. Parker which was to dismiss the complaint insofar as asserted against him, based on the plaintiff's lack of standing, is denied, that branch of the plaintiff's cross motion which was for summary judgment dismissing the defenses of the defendant Edward A. Parker is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the plaintiff's cross motion which was for summary judgment dismissing the counterclaims of the defendant Edward A. Parker.

The plaintiff Wells Fargo Bank, N.A. (hereinafter Wells Fargo), as trustee for the Option One Mortgage Loan Trust 2007-CPI Asset-Backed Certificates, Series 2007-CPI (hereinafter the Option One Trust), commenced this foreclosure action on February 29, 2008, against Edward A. Parker and several nominal defendants. The complaint alleged that Parker was the owner of record of certain mortgaged real property, and the original obligor under an adjustable rate note dated January 15, 2007, in the amount of $584,000 (hereinafter the note), issued by Alliance Mortgage Corporation (hereinafter Alliance), and secured by a mortgage dated January 15, 2007, on the four-unit apartment building in Brooklyn where Parker resided (hereinafter the mortgage). After entering judgment in Wells Fargo's favor based on Parker's default in answering the complaint, the Supreme Court granted Parker's motion to vacate the judgment in an order dated April 6, 2011, which is not at issue on this appeal.

Parker thereafter answered the complaint, asserting two defenses, alleging that Wells Fargo lacked standing and capacity to sue, and two counterclaims, alleging a violation of General Business Law § 349 by Wells Fargo's predecessor in interest, and a violation of 22 NYCRR 130-1.1 (c), based on Wells Fargo's commencement of the instant action despite its alleged lack of standing. Parker then moved to dismiss the complaint, based, among other things, on Wells Fargo's lack of standing (see CPLR 3211 [a] [3]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 241-243 [2007]). In opposition, Wells Fargo cross-moved for summary judgment dismissing Parker's defenses and counterclaims. The Supreme Court granted that branch of

Parker's motion which was to dismiss the complaint based on Wells Fargo's lack of standing, and denied, as academic, Wells Fargo's cross motion for summary judgment dismissing Parker's defenses and counterclaims. Wells Fargo appeals.

Where a defendant raises the issue of standing, the plaintiff has the burden of proving its standing and entitlement to relief (*see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745 [2014]; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207 [2009]). In such circumstances, a plaintiff establishes its standing and entitlement to relief in an action to foreclose a mortgage by producing the mortgage, the unpaid note, evidence of default, and evidence demonstrating that the plaintiff is the holder or assignee of the mortgage and the underlying note at the time it commences the foreclosure action (*see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745 [2014]; *Homecomings Fin., LLC v Guldi*, 108 AD3d 506 [2013]; *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 244). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Kondaur Capital Corp. v McCary*, 115 AD3d 649 [2014]; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]).

Here, in support of its motion for summary judgment dismissing Parker's defenses alleging lack of standing and capacity to sue, Wells Fargo established, prima facie, that it had standing as the holder of the note and mortgage by submitting the affidavit of Cindi Ellis, assistant vice-president of American Home Mortgage Servicing, Inc., the loan servicing agent and attorney-in-fact for Wells Fargo in its capacity as trustee of the Option One Trust. It also established, prima facie, that it was a corporate entity empowered to sue and be sued and, thus, had legal capacity to sue. In her affidavit, Ellis explained that Wells Fargo had physical possession of the note prior to commencement of this action and that Wells Fargo was a corporate entity that could sue in its own name (*see Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973 [2014]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649 [2014]; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931 [2013]). In opposition,

Parker failed to raise a triable issue of fact. Accordingly, the Supreme Court should have denied that branch of Parker's motion which was to dismiss the complaint, made on the ground that Wells Fargo lacked standing, and granted those branches of Wells Fargo's cross motion which were for summary judgment dismissing Parker's defenses, which alleged that Wells Fargo lacked standing and capacity to sue.

Since the Supreme Court directed the dismissal of the complaint solely on the ground that Wells Fargo lacked standing, it did not reach Wells Fargo's cross motion for summary judgment dismissing Parker's defenses and counterclaims. Inasmuch as Wells Fargo's cross motion is no longer academic in light of our determination, and we have disposed of those branches of the cross motion which were for summary judgment dismissing Parker's defenses, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of that branch of Wells Fargo's cross motion which was for summary judgment dismissing Parker's counterclaims, which remains pending and undecided. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.