■ EMIGRANT BANK, Respondent, v CARMELA LARIZZA, Also Known as CARMELA OLIVERI, Appellant, et al., Defendant. [13 NYS3d 129]—

In an action to foreclose a mortgage, the defendant Carmela Larizza, also known as Carmela Oliveri, appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), dated July 31, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 25, 2008, the defendant Carmela Larizza, also known as Carmela Oliveri (hereinafter Larizza), signed a mortgage note promising to repay the sum of $780,000 to Emigrant Mortgage Company, Inc. (hereinafter EMC), in accordance with the terms set forth in the note. The mortgage note is supplemented by an undated "allonge," according to which an officer of EMC endorsed the note, "without recourse," to Emigrant Savings Bank-Bronx/Westchester (hereinafter ESB). On September 25, 2008, Larizza also signed a mortgage instrument, pursuant to which a mortgage lien on certain property owned by her would serve as security for repayment of the $780,000 loan.

On October 30, 2009, an officer of EMC signed a document according to which the $780,000 mortgage was assigned to ESB, "together with the note(s) and obligations therein described." In January 2013, ESB was merged into the plaintiff Emigrant Bank (hereinafter Emigrant).

By February 2010, Larizza was in default on the mortgage loan. In March 2013, Emigrant commenced the present foreclosure action against Larizza, among other defendants, by filing the summons and complaint. The $780,000 note, including the

allonge, was among the various exhibits annexed to the complaint. Also appended to the complaint was a "verification," in the form of an affidavit, signed by an assistant treasurer of Emigrant. Larizza served an answer and asserted various affirmative defenses, including that Emigrant lacked standing. Thereafter, Emigrant moved, inter alia, for summary judgment on the complaint and an order of reference. In the order appealed from, the Supreme Court, inter alia, granted those branches of Emigrant's motion. The defendant appeals, and we affirm insofar as appealed from.

In a foreclosure action, a plaintiff has standing if it is either the holder of, or the assignee of, the underlying note at the time that the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *see generally Emigrant Sav. Bank-Brooklyn/Queens v Doliscar*, 124 AD3d 831 [2015]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]). Either a written assignment of the underlying note or the physical delivery of the note to the plaintiff, prior to the commencement of the action, is sufficient to transfer the obligation (*see e.g. Wells Fargo Bank, N.A. v Parker*, 125 AD3d 848 [2015]; *U.S. Bank N.A. v Guy*, 125 AD3d 845 [2015]; *Emigrant Sav. Bank-Brooklyn/Queens v Doliscar*, 124 AD3d 831 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Emigrant established its prima facie entitlement to judgment as a matter of law by the production of copies of the mortgage, the unpaid note, and evidence of default (*see e.g. Aurora Loan Servs., LLC v Enaw*, 126 AD3d 830 [2015]; *US Bank N.A. v Weinman*, 123 AD3d 1108 [2014]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *Solomon v Burden*, 104 AD3d 839 [2013]), and demonstrated its standing based both on its physical possession of the note, and on its status as an assignee of the note, as of the date that the action was commenced (*see Wells Fargo Bank, N.A. v Parker*, 125 AD3d 848 [2015]; *Wells Fargo Bank, N.A. v Ali*, 122 AD3d 726 [2014]).

In opposition to that prima facie showing, Larizza failed to raise a triable issue of fact as to Emigrant's standing or her default.

Larizza's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint and an order of reference. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.