■ WELLS FARGO BANK, N.A., Appellant, v HELEN M. JOSEPH, Respondent, et al., Defendants. [26 NYS3d 583]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated June 26, 2014, as denied that branch of its motion which was for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint is granted.

In this action to foreclose a mortgage, the plaintiff moved for summary judgment on the complaint, and the defendant mortgagor (hereinafter the defendant) opposed the motion, relying solely on the affirmative defense, alleged in her answer, that the plaintiff lacked standing to maintain this action. The Supreme Court denied the plaintiff's motion, finding that a triable issue of fact existed as to the plaintiff's standing. We reverse.

"Where, as here, standing is put into issue by a defendant [mortgagor], 'the plaintiff [mortgagee] must prove its standing in order to be entitled to relief' " (*Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015], quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009];

*see Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59 [2015]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (*see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d at 59; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d at 932; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 281 [2011]).

Here, the plaintiff demonstrated, prima facie, its standing to maintain this action by submitting, among other evidence, the affidavit of its vice president, Joseph Charles Chatellier. This affidavit was sufficient to prove that the plaintiff had physical possession of the note prior to commencement of this action (*see Wells Fargo Bank, N.A. v Parker*, 125 AD3d 848, 850 [2015]). Contrary to the defendant's contention, Chatellier's use of the phrase "on or before," instead of "on," in that portion of his affidavit in which he identified the date of delivery of the note to the plaintiff does not constitute a fatal defect (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d at 628; *see also Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *Nationstar Mtge., LLC v Wong*, 132 AD3d 825 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206 [2015]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001 [2015]), and his affidavit was otherwise sufficient to make a prima facie showing of standing. In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.