Bosco Credit V Trust Series 2012-1 v Johnson (2019 NY Slip Op 08525)





Bosco Credit V Trust Series 2012-1 v Johnson


2019 NY Slip Op 08525


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


850218/15 7622 10346B 10346A 10346

[*1] Bosco Credit Trust Series 2012-1, Plaintiff-Respondent,
v
Derek Johnson also known as Derek Q. Johnson, et al., Defendants-Appellants, Richard D. Parsons care of Bank of New York Mellon, et al., Defendants.


Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for appellants.
O'Hare Parnagian LLP, New York (Robert A. O'Hare Jr. of counsel), for respondent.



Judgment of foreclosure and sale, Supreme Court, New York County (George J. Silver, J.), entered February 25, 2019, in favor of plaintiff, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 25, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeals from orders, same court and Justice, entered July 11, 2018, July 10, 2018, and April 24, 2019, unanimously dismissed, without costs, as abandoned.
Defendants Derek Johnson and Susan Josie Crawford contend that Supreme Court lacked jurisdiction over this action because a final judgment of foreclosure and sale of the same property was entered in 2007 in an action commenced in 2005, and plaintiff failed to seek leave to commence the instant action pursuant to RPAPL 1301. Defendants waived this argument by failing to raise it in their opposition to plaintiff's motion for summary judgment, in their reply in further support of their cross motion and opposition to plaintiff's motion, or during oral argument on the motions (see New York Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756 [2d Dept 2013]).
Were we to consider the argument, we would find it unavailing. While the 2005 action was not "formally discontinued" or the ensuing 2007 judgment vacated after the instant action was commenced, plaintiff's assignor, the former mortgage lender, entered into a loan modification agreement with defendants in 2008 that eliminated the basis for the judgment (see U.S. Bank Trust, N.A. v Humphrey, 173 AD3d 811, 812 [2d Dept 2019]; MLB Sub I, LLC v Grimes, 170 AD3d 992, 994 [2d Dept 2019]; Credit-Based Asset Servicing & Securitization v Grimmer, 299 AD2d 887 [4th Dept 2002]). Thus, defendants are not facing "the expense and annoyance of two independent actions at the same time with reference to the same debt" (Central Trust Co. v Dann, 85 NY2d 767, 772 [1995] [internal quotation marks omitted]), and plaintiff's failure to comply with RPAPL 1301(3) "was properly disregarded as a mere irregularity" (Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651 [2d Dept 2019], citing CPLR 2001).
Defendants' argument that plaintiff had "unclean hands" is unavailing, because there is no statute that "requires a lender to take into account the borrower's ability to repay when [*2]making a loan, and provides a remedy to the borrower for the lender's failure to meet such requirement" (HSBC Bank USA, N.A. v Campos, 55 Misc 3d 1221[A] 2017 NY Slip Op 50695[U], *6 [Sup Ct, Queens County 2017]). To the extent defendants argue that plaintiff's predecessor in interest accepted their borrower contribution without properly crediting it, plaintiff submitted an undisputed affidavit averring that the payment was applied in part to principal and interest, in part to legal and other fees incurred as a result of defendants' default, and in part to property taxes and an unpaid water and sewer bill that would otherwise have resulted in a lien on the property, and defendants offer no
authority for their contention that the payment should have been applied solely to principal and interest.
M-7622 - Bosco Credit V Trust Series
2012-1 v Derek Johnson
Motion to compel plaintiff to pay its share of the cost of the record pursuant to 22 NYCRR 1250.9(f)(1)(ii) denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK