(October 14, 2015)

■ BANK OF NEW YORK MELLON, Formerly Known as BANK OF NEW YORK, as Trustee on Behalf of CITI MORTGAGE LOAN TRUST 2007-1, Respondent, v ERNEST GREEN, Appellant, et al., Defendants. [17 NYS3d 651]—

In an action to foreclose a mortgage, the defendant Ernest Green appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated July 23, 2013, which denied his motion, in effect, for summary judgment dismissing the complaint for lack of standing.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendant Ernest Green. Green served an answer asserting, as an affirmative defense, that the plaintiff lacked standing to commence the action. Green thereafter moved, in effect, for summary judgment dismissing the complaint for lack of standing.

Initially, since Green's motion, which recited CPLR 3211 (a) (3) as its basis, was made after issue was joined, and since the parties deliberately charted a summary judgment course, the Supreme Court properly treated Green's motion as one for summary judgment dismissing the complaint for lack of standing (*see Meredith v Siben & Siben, LLP*, 130 AD3d 791 [2015];

*Hopper v McCollum*, 65 AD3d 669, 670 [2009]; *Tendler v Bais Knesses of New Hempstead, Inc.*, 52 AD3d 500, 502 [2008]).

Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief (*see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745, 746 [2014]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). However, on a defendant's motion, the burden is on the defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]; *Citibank, N.A. v Herman*, 125 AD3d 587, 588-589 [2015]).

A plaintiff has standing to commence a foreclosure action when it is either the holder or the assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d at 279-280). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d at 746-747; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 912 [2013]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d at 281).

Here, Green failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the complaint for lack of standing, since he failed to eliminate questions of fact as to whether the subject note was physically delivered and endorsed to the plaintiff prior to the commencement of the action (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 683-684). Accordingly, Green's motion was properly denied without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the plaintiff's remaining contention. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.