■ HSBC Bank USA, N.A., Appellant, v William Lewis, Also Known as William A. Lewis, et al., Respondents, et al., Defendants. [20 NYS3d 618]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Sherman, J.), dated November 20, 2013, which granted the motion of the defendants William Lewis, also known as William A. Lewis, and Eva Lewis pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them for lack of standing.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants William Lewis, also known as William A. Lewis, and Eva Lewis pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them for lack of standing is denied.

The plaintiff commenced this action to foreclose a mortgage. The defendants William Lewis, also known as William A. Lewis, and Eva Lewis (hereinafter together the defendants) moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them for lack of standing. The defendants contended that the assignment of the mortgage to the plaintiff from the original mortgagee was invalid because the assignment was made without the approval of the United States Bankruptcy Court after the original mortgagee had filed a petition for Chapter 11 bankruptcy protection.

"In a foreclosure action, a plaintiff has standing if it is either the holder of, or the assignee of, the underlying note at the time that the action is commenced" (*Loancare v Firshing*, 130 AD3d 787, 789 [2015]). "[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law because the transfer in full of the underlying obligation automatically transfers the mortgage as well unless the parties agree that the transferor is to retain the mortgage" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59 [2015] [internal quotation marks omitted]). On a motion pursuant to CPLR 3211 (a) to dismiss a complaint for lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d at 59-60). Here, the defendants failed to eliminate questions of fact regarding whether the underlying note was assigned to the plaintiff prior to the filing of the bankruptcy petition, giving the plaintiff standing to commence this action. Accordingly, the Supreme Court should have denied the motion. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.