*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 7, 2016                    519283
_____

BAC HOME LOANS SERVICING, LP,
    Formerly Known as
    COUNTRYWIDE HOME LOANS
    SERVICING LP,
                        Appellant,          MEMORANDUM AND ORDER

        v

BARBARA BIXBY,
                        Respondent,
                        et al.,
                        Defendants.
_____

Calendar Date:   November 18, 2015

Before:   Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

_____

        Kozeny, McCubbin & Katz, LLP, Melville (David Wildermuth of counsel), for appellant.

        D.J. & J.A. Cirando, Syracuse (John A. Cirando of counsel), Syracuse, for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Cerio Jr., J.), entered July 1, 2013 in Madison County, which, among other things, granted defendant Barbara Bixby's motion for summary judgment dismissing the complaint against her.

        In February 2005, defendant Barbara Bixby (hereinafter defendant) executed a note to borrow $164,000 from Opus Home Equity Services, Inc. that was secured by a mortgage on certain real property in the Town of Sullivan, Madison County.  Plaintiff

commenced this foreclosure action against defendant and others in June 2009. Defendants answered and asserted, among other things, that plaintiff was not the holder of the note and mortgage at the time the action was commenced. While the papers are not included in the record, it appears that plaintiff moved for summary judgment dismissing the second defense and counterclaim in defendant's answer, and that said motion was held in abeyance pending a motion by defendant to dismiss the complaint.[1] Defendant thereafter moved for summary judgment dismissing the complaint on her first defense and counterclaim, which advanced the standing argument. Supreme Court denied plaintiff's motion and granted defendant's motion, and plaintiff now appeals.

Defendant raised the affirmative defense of standing and, as such, plaintiff will ultimately be required to prove that it has standing in order to obtain a judgment of foreclosure (Bank of N.Y. Mellon v Green, 132 AD3d 706, 707 [2015]; see Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]). "However, on a defendant's motion [for summary judgment], the burden is on the defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Bank of N.Y. Mellon v Green, 132 AD3d at 707 [citations omitted]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see also Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60 [2015]).

A plaintiff has standing to bring a mortgage foreclosure action if, "at the time the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; see Bank of Am., N.A. v Kyle, 129 AD3d at

[1] We note that plaintiff was required to submit these motion papers in its record on appeal pursuant to CPLR 5526. Nevertheless, because plaintiff's motion for partial summary judgment related to claims with no connection to the issues raised on appeal, we cannot say that the absence of those papers "renders meaningful appellate review impossible" so as to require dismissal of the appeal (Mergl v Mergl, 19 AD3d 1146, 1147 [2005]; see Singh v Getty Petroleum Corp., 275 AD2d 740, 740 [2000]).

1169).  Defendant raised issues as to whether the formal assignment of the mortgage to plaintiff had been properly accomplished.  She did not, however, provide any proof to call into question the claim of plaintiff that it was the owner and holder of the note.  A mortgage generally passes as an incident to the note when the latter is assigned, making "the note . . . the dispositive instrument that conveys standing to foreclose under New York law" (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738; Bank of N.Y. v Silverberg, 86 AD3d 274, 280 [2011]).  Inasmuch as defendant failed to show why that general proposition would be inapplicable here, she did not satisfy her initial burden of demonstrating as a matter of law that plaintiff lacked standing to commence this action, and her motion should have been denied without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Bank of N.Y. Mellon v Green, 132 AD3d at 707).

Finally, we decline plaintiff's invitation to search the anemic record before us and grant it summary judgment (see CPLR 3212 [b]).

Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Barbara Bixby's motion for summary judgment; said motion denied; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court