Flagstar Bank, FSB, Appellant, v Clifton Campbell et al., Respondents. [28 NYS3d 374]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated March 19, 2015, which granted that branch of the motion of the defendant Clifton Campbell which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, and, sua sponte, directed the dismissal of the remainder of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the remainder of the complaint is deemed to be an applica-

tion for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Clifton Campbell was properly served with process, and for a new determination of that branch of his motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Clifton Campbell.

The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Clifton Campbell, the mortgagor. In addition to seeking a judgment of foreclosure and sale, the complaint sought a deficiency judgment against Campbell. During the pendency of the action, Campbell conveyed the mortgaged premises to a third party. Subsequently, Campbell moved pursuant to CPLR 3211 (a) (3) and (8) to dismiss the complaint insofar as asserted against him, or in the alternative, pursuant to CPLR 3012 (d) to extend his time to serve an answer. In his motion, Campbell contended that the plaintiff lacked standing to commence the action and that he was not served with process. The Supreme Court granted that branch of the motion which was to dismiss the complaint insofar as asserted against Campbell and, sua sponte, directed the dismissal of the entire complaint against the other defendants on the ground that the plaintiff had failed to establish its standing to commence the action. The plaintiff appeals.

On a motion to dismiss for lack of standing, " 'the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied' " (HSBC Bank USA, N.A. v Lewis, 134 AD3d 764, 765 [2015], quoting Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60 [2015]). Since Campbell failed to establish, prima facie, the plaintiff's lack of standing, the Supreme Court erred in directing the dismissal of the complaint on this ground.

As an alternate ground for affirmance, Campbell contends, as he did in the Supreme Court, that the plaintiff did not obtain personal jurisdiction over him. While the affidavit of the plaintiff's process server constituted prima facie evidence of proper service of process, in support of his motion, Campbell raised questions of fact as to whether he was properly served with process (see Wilbyfont v New York Presbyt. Hosp., 131

AD3d 605, 606 [2015]; *American Home Mtge. Servicing, Inc. v Gbede*, 127 AD3d 1004, 1005 [2015]; *Central Mtge. Co. v Ward*, 127 AD3d 803, 803-804 [2015]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether Campbell was properly served with process, and for a new determination of that branch of his motion thereafter.

In light of our determination, we need not reach the plaintiff's remaining contention. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.