■ LGF Holdings, LLC, Respondent, v Elliot Skydel et al., Appellants, et al., Defendants. [32 NYS3d 243]—

In an action to foreclose a mortgage, the defendants Elliot Skydel and Janet R. Skydel appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), dated February 13, 2013, as denied that branch of their cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief (*see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745, 746 [2014]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (*see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59 [2015]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d at 932; *Bank of N.Y. v Silverberg*, 86 AD3d at 281). However, on a defendant's motion for summary judgment, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see Flagstar Bank, FSB v Campbell*, 137 AD3d 853 [2016]; *BAC Home Loans Servicing, LP v Bixby*, 135 AD3d 1009, 1010 [2016]; *Bank of N.Y. Mellon v Green*, 132 AD3d 706, 707 [2015]; *U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]; *Citibank, N.A. v Herman*, 125 AD3d 587, 588-589 [2015]). "The prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations made by the plaintiff in the pleadings" (*Citibank, N.A. v Herman*, 125 AD3d at 589).

Here, the appellants failed to demonstrate their prima facie

entitlement to judgment as a matter of law dismissing the complaint for lack of standing, since they failed to eliminate questions of fact as to whether the plaintiff had standing by virtue of the physical delivery of the note prior to the commencement of the foreclosure action (*see BAC Home Loans Servicing, LP v Bixby*, 135 AD3d 1009 [2016]; *HSBC Bank USA, N.A. v Lewis*, 134 AD3d 764 [2015]; *Bank of N.Y. Mellon v Green*, 132 AD3d at 707; *U.S. Bank N.A. v Pia*, 73 AD3d 752 [2010]; *see also Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]). Accordingly, the Supreme Court properly denied that branch of their cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing, regardless of the sufficiency of the opposing papers (*see Zarabi v Movahedian*, 136 AD3d 895 [2016]; *BAC Home Loans Servicing, LP v Bixby*, 135 AD3d at 1011). Austin, J.P., Cohen, Miller and Duffy, JJ., concur.