◼ DLJ Mortgage Capital, Inc., Respondent, v Bertha Pittman, Also Known as Bertha Mae Pittman, et al., Defendants, and Vista Holding, Inc., Appellant. [56 NYS3d 120]—

In an action to foreclose a mortgage, the defendant Vista Holding, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated September 8, 2014, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (3) and (5) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 24, 2001, the defendant Bertha Pittman, also known as Bertha Mae Pittman, then the owner of the subject property, executed a note and mortgage in favor of the defendant D&M Financial Corp. (hereinafter D&M). In August 2002, Pittman defaulted in making her mortgage payments. Thereafter, the defendant Vista Holding, Inc. (hereinafter the appellant), obtained title to the subject property.

After a prior action to foreclose the mortgage was dismissed for lack of standing, the plaintiff commenced the instant action to foreclose the mortgage, alleging that it was the owner and holder of the note and mortgage. The appellant moved, inter alia, pursuant to CPLR 3211 (a) (3) and (5) to dismiss the complaint insofar as asserted against it, arguing that the plaintiff lacked standing, and that the action was time-barred. The Supreme Court denied those branches of the appellant's motion.

The Supreme Court properly determined that the action was not time-barred. Contrary to the appellant's contention, an affidavit made in support of a motion for an order of reference in the prior action, which the plaintiff in that action lacked standing to commence, did not, under the circumstances of this case, constitute an affirmative action evidencing the exercise of the option to accelerate the maturity of the loan (see *Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980 [2012]; *EMC Mtge. Corp. v Suarez*, 49 AD3d 592, 593 [2008]).

The Supreme Court also properly denied that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it for lack of standing. A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (see *LGF Holdings, LLC v Skydel*, 139 AD3d 814 [2016]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; see *LGF Holdings, LLC v Skydel*, 139 AD3d at 814; *Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59 [2015]).

Here, the complaint alleged that the plaintiff had standing based on a series of assignments of the note. Specifically, the note was assigned by D&M, the original mortgagee, to

Fairbanks Capital Corp. (hereinafter Fairbanks). A second assignment from Fairbanks to U.S. Bank National Association, as trustee for Credit Suisse First Boston Mortgage Securities Corp. Mortgage Pass-Thru Certificates, Series 2004-AR6 (hereinafter US Bank), was executed by Wells Fargo Bank, N.A. (hereinafter Wells Fargo), "as attorney-in-fact" for Fairbanks. Wells Fargo, as attorney-in-fact for US Bank, then executed a third assignment, from US Bank to the plaintiff.

On a defendant's motion to dismiss a complaint based upon the plaintiff's alleged lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" as a matter of law (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d at 59; *see New York Community Bank v McClendon*, 138 AD3d 805, 806 [2016]; *Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d 719 [2016]). Here, the appellant failed to meet that burden, since it merely demonstrated the existence of questions of fact as to Wells Fargo's authority to assign the note on behalf of Fairbanks, by pointing to the plaintiff's failure to attach a power of attorney to the complaint along with the assignment and asserting that no such document was recorded. Although the plaintiff will ultimately be required to demonstrate that Wells Fargo had authority to assign the note on behalf of Fairbanks in order to demonstrate its standing on the basis of the written assignments (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 281-283 [2011]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 109 [2011]), the appellant was not entitled to dismissal of the complaint based on lack of standing (*see HSBC Bank USA, N.A. v Lewis*, 134 AD3d 764, 765 [2015]).

Contrary to the appellant's further contention, the language of the assignments was " 'broad enough to transfer the interest in the mortgage as well as the underlying debt' " (*Deutsche Bank Natl. Trust Co. v Romano*, 147 AD3d 1021, 1023 [2017], quoting *Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307, 1307-1308 [2012]).

Accordingly, the Supreme Court properly denied those branches of the appellant's motion which were pursuant to CPLR 3211 (a) (3) and (5) to dismiss the complaint insofar as asserted against it. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.