BAC Home Loans Servicing, LP v Rychik (2018 NY Slip Op 03498)





BAC Home Loans Servicing, LP v Rychik


2018 NY Slip Op 03498


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-01703
 (Index No. 12660/10)

[*1]BAC Home Loans Servicing, LP, etc., respondent,
v
Nili Rychik, et al., appellants, et al., defendants.


Michael M. Cohen, Brooklyn, NY, for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Bryan Cave LLP, New York, NY [Suzanne M. Berger and Megan A. Pierson], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Nili Rychik and Shmuel Rychik appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated October 20, 2014. The order, insofar as appealed from, denied that branch of the cross motion of those defendants which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2008, Nili Rychik and Shmuel Rychik (hereinafter together the defendants) executed a note in the sum of $864,000 in favor of Countrywide Bank, FSB (hereinafter Countrywide). The note was secured by a mortgage on residential property located in Brooklyn. In February 2010, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, assigned the mortgage to the plaintiff, BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP. In May 2010, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants served an answer in which they asserted the affirmative defense of lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked standing. In an order dated October 20, 2014, the Supreme Court denied the motion and the cross motion. The defendants appeal, as limited by their brief, from so much of the order as denied that branch of their cross motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for lack of standing.
On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing (see DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818, 820; New York Community Bank v McClendon, 138 AD3d 805, 806; Bank of N.Y. Mellon v Green, 132 AD3d 706, 707). A plaintiff has standing to maintain a mortgage foreclosure action where, at the time the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC [*2]v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the defendants failed to establish, prima facie, the plaintiff's lack of standing, as they failed to eliminate questions of fact regarding the plaintiff's standing as the holder or assignee of the note on the date of commencement of the action (see Citicorp Mtge. v Adams, 153 AD3d 779, 780; LGF Holdings, LLC v Skydel, 139 AD3d 814, 815; Bank of N.Y. Mellon v Green, 132 AD3d at 707). The defendants' remaining contention is without merit. Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for lack of standing.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court