EMC Mtge. Corp. v Tinari (2019 NY Slip Op 01392)





EMC Mtge. Corp. v Tinari


2019 NY Slip Op 01392


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


[*1]EMC Mortgage Corporation, respondent, 
v
Frederick Tinari, et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
McCabe Weisberg & Conway, P.C., New Rochelle, NY (Kiyam Poulson of counsel), for respondent.



DECISION & ORDER
Appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (John H. Rouse, J.), entered February 10, 2016. The judgment, insofar as appealed from, is in favor of the plaintiff and against the defendants Frederick Tinari and Elizabeth Tinari, and was entered upon so much of two orders of the same court, both entered August 14, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and denied the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them for lack of standing and for an award of attorneys' fees. By decision and order on motion dated April 4, 2017, this Court deemed the notice of appeal from the orders to be a notice of appeal from the judgment (see CPLR 5512; Citimortgage, Inc. v Klein, 140 AD3d 913, 914).
ORDERED that the judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference are denied, and the orders entered August 14, 2015, are modified accordingly.
The defendants Frederick Tinari and Elizabeth Tinari (hereinafter together the appellants) executed an adjustable rate note in favor of WMC Mortgage Corporation (hereinafter WMC), [*2]secured by a mortgage on their property. On February 9, 2011, the plaintiff, WMC's successor in interest, commenced this action against the appellants and others to foreclose the mortgage. In their verified answer, the appellants alleged, inter alia, that the plaintiff lacked standing to commence this action.
The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference. The appellants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing and for an award of attorneys' fees.
Where, as here, the issue of standing is raised by a defendant, a plaintiff must establish its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987; LGF Holdings, LLC v Skydel, 139 AD3d 814). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Security Lending, Ltd. v New Realty Corp., 142 AD3d at 987; LGF Holdings, LLC v Skydel, 139 AD3d at 814; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 981).
Here, contrary to the plaintiff's contention and the Supreme Court's determination, the plaintiff failed to establish, prima facie, that it had standing to commence this action. In support of its motion, the plaintiff submitted the affidavit of Melissa Black, an employee of the plaintiff's loan servicer, who alleged, based upon a review of business records maintained by the loan servicer, that the plaintiff had been "in continuous possession of the note and mortgage since June 26, 2007." However, because Black did not attest that she was personally familiar with the plaintiff's record-keeping practices and procedures, the plaintiff failed to demonstrate that the records relied upon by Black were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583; Aurora Loan Servs., LLC v Ang, 150 AD3d 649, 650; U.S. Bank N.A. v Martin, 144 AD3d 891, 892; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). In any event, the submissions by the plaintiff of different copies of the note raise a triable issue of fact, inter alia, as to whether the note was assigned to the plaintiff prior to the commencement of the action (see U.S. Bank N.A., v Handler, 140 AD3d 948, 949). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference.
Nevertheless, the Supreme Court properly denied that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. "On a motion to dismiss for lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Flagstar Bank, FSB v Campbell, 137 AD3d 853, 854 [internal quotation marks omitted]; see LGF Holdings, LLC v Skydel, 139 AD3d at 814; BAC Home Loans Servicing, LP v Bixby, 135 AD3d 1009, 1010; HSBC Bank USA, N.A. v Lewis, 134 AD3d 764, 765; Bank of N.Y. Mellon v Green, 132 AD3d 706, 707). Here, on their cross motion, the appellants failed to make a prima facie [*3]showing that the plaintiff lacked standing (see Wells Fargo Bank, N.A. v Talley, 153 AD3d at 583; Filan v Dellaria, 144 AD3d 967, 975).
The appellants' remaining contention is without merit.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court