Wells Fargo Bank, N.A. v Taylor (2019 NY Slip Op 01817)





Wells Fargo Bank, N.A. v Taylor


2019 NY Slip Op 01817


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-00983
 (Index No. 9994/11)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Danval Taylor, appellant, et al., defendants.


Richard J. Soleymanzadeh, P.C., Carle Place, NY, for appellant.
Druckman Law Group PLLC, Westbury, NY (Stuart L. Druckman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Danval Taylor appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 11, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Danval Taylor, to strike that defendant's answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2011, the plaintiff commenced this action against the defendant Danval Taylor (hereinafter the defendant), among others, seeking to foreclose a mortgage given to Fremont Investment & Loan. The defendant interposed an answer, among other things, asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him for lack of standing and failure to comply with RPAPL 1304. The plaintiff opposed the cross motion. By order entered October 11, 2016, the Supreme Court granted the subject branches of the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, in a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "[P]roper service of RPAPL 1304 notice [*2]on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (id. at 106; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860).
RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (see id.), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). By imposing these specific mailing requirements, "the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing," which can be "established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304 (see M & T Bank v Joseph, 152 AD3d 579; CitiMortgage, Inc. v Pappas, 147 AD3d 900; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1186; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). In moving for summary judgment, the plaintiff submitted the affidavit of Chris Lechtanski, a representative of its loan servicer, Carrington Mortgage Services, LLC (hereinafter Carrington), along with, among other things, a copy of the RPAPL 1304 notice allegedly mailed to the defendant. Lechtanski stated that he "reviewed the 90 day pre-foreclosure notice sent to Borrower on or about February 11, 2011 to the last known address of Borrower, which is the residence that is subject of the Mortgage, by first class mail and certified mail." In a separate affidavit of mailing, Lechtanski additionally averred that "in compliance with RPAPL § 1304, a notice as required by said statute was sent, separate from any other mailing or notice, enclosed in both a certified mail postage prepaid envelope and also a first-class mail, postage prepaid, sealed envelope. Both envelopes were provided to the United States Post Office for mailing, addressed to [the defendant] at the address of the residence that is subject to the Mortgage and, if different from [the defendant's] address that is subject to the Mortgage, to [the defendant's] last known address." However, Lechtanski did not have personal knowledge of the purported mailing and failed to make the requisite showing that he was familiar with the plaintiff's mailing practices and procedures, and therefore, did not establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Citibank, N.A. v Wood, 150 AD3d 813; CitiMortgage, Inc. v Pappas, 147 AD3d at 901). Moreover, the copy of the notice annexed to the Lechtanski affidavits, while bearing a notation "VIA CERTIFIED AND FIRST CLASS MAIL," bears no indicia of actual mailing such as postal codes and was unaccompanied by any mailing receipts or tracking information (cf. Citimortgage, Inc. v Wallach, 163 AD3d 520, 521). The affidavit of Elizabeth A. Ostermann, a vice president of Carrington, submitted by the plaintiff in opposition to the defendant's cross motion for summary judgment, suffers from the same deficiencies as the Lechtanski affidavits.
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference should have been denied regardless of the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
However, we agree with the Supreme Court's denial of the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The defendant failed to demonstrate, prima facie, that the complaint should be dismissed based upon the plaintiff's failure to comply with RPAPL 1304 (cf. Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d 1038, 1039). Further, "[o]n a motion to dismiss for lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to [*3]affirmatively establish its standing in order for the motion to be denied" (Flagstar Bank, FSB v Campbell, 137 AD3d 853, 854 [internal quotation marks omitted]; see LGF Holdings, LLC v Skydel, 139 AD3d 814, 814). Here, in support of his cross motion, the defendant failed to make a prima facie showing that the plaintiff lacked standing (see Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 583; Filan v Dellaria, 144 AD3d 967, 975).
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court