HSBC Bank USA, Natl. Assn. v Bermudez (2019 NY Slip Op 06386)





HSBC Bank USA, Natl. Assn. v Bermudez


2019 NY Slip Op 06386


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-09660
 (Index No. 12718/12)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
David Bermudez, et al., appellants, et al., defendant.


Rubin & Licatesi, P.C., Garden City, NY (Richard H. Rubin and Amy J. Zamir of counsel), for appellants.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Adam Weiss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants David Bermudez and Offir Bermudez appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 15, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered August 2, 2016, denying the motion of the defendants David Bermudez and Offir Bermudez for summary judgment dismissing the complaint insofar as asserted against them and granting the plaintiff's cross motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and upon an order of the same court entered August 9, 2016, denying the motion of the defendants David Bermudez and Offir Bermudez for summary judgment dismissing the complaint insofar as asserted against them, granting the plaintiff's cross motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and referring the matter to a referee to ascertain and compute the amount due to the plaintiff, inter alia, confirmed the referee's report and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In April 2007, the defendants David Bermudez and Offir Bermudez (hereinafter together the defendants) borrowed the sum of $413,600 from Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The loan was memorialized in a promissory note and secured by a mortgage on property located in Elmont. Pursuant to a pooling and servicing agreement dated June 27, 2007 (hereinafter the PSA), the mortgage loan was securitized and assigned to a trust.
In October 2012, the plaintiff commenced this action to foreclose the mortgage. The defendants interposed an answer with various affirmative defenses. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that the plaintiff lacked standing and failed to comply with RPAPL 1304. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the cross [*2]motion on the grounds advanced in their motion, as well as on the ground that the plaintiff failed to comply with RPAPL 1306. In an order entered August 2, 2016, the Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. In an order entered August 9, 2016, the court denied and granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. On December 15, 2017, the court entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject premises. The defendants appeal.
We agree with the Supreme Court's determination that the plaintiff established its standing to commence the action. " Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). Where a defendant moves to dismiss the complaint for lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied (see LGF Holdings, LLC v Skydel, 139 AD3d 814, 814; Flagstar Bank, FSB v Campbell, 137 AD3d 853, 854; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60).
In this case, by submitting a copy of the summons and complaint, to which the plaintiff attached a copy of the note, endorsed in blank, the defendants failed to meet their prima facie burden of establishing the plaintiff's lack of standing (see Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 523). By relying upon the same evidence in support of its cross motion, the plaintiff established, prima facie, its standing to commence the action (see US Bank N.A. v Cohen, 156 AD3d 844, 846; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313). In opposition, the defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562).
The plaintiff demonstrated its compliance with RPAPL 1304 and 1306. In a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 105), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Citibank, N.A. v Wood, 150 AD3d 813, 814; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860).
RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee "shall file" certain information with the superintendent of financial services, including "at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing [*3]on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue" (RPAPL 1306[1], [2]). "Any complaint served in a proceeding initiated pursuant to [RPAPL article 13] shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with . . . this section" (RPAPL 1306[1]). Like RPAPL 1304, compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action (see Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. The defendants' simple denial of receipt, without more, is insufficient to establish, prima facie, entitlement to dismissal of the complaint for failure to comply with the requirements of RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
In support of its cross motion, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1304 and 1306 (see Citimortgage, Inc. v Borek, 171 AD3d 848; CitiMortgage, Inc. v Wallach, 163 AD3d 520, 521; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827; HSBC Bank USA, N.A. v Espinal, 137 AD3d 1079, 1080; cf. Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050; Cenlar, FSB v Censor, 139 AD3d 781, 782-783). The plaintiff relied upon a detailed affidavit of a vice president of loan documentation for the loan servicer, Wells Fargo. Therein, the affiant stated that Wells Fargo had the authority to service the loan for the plaintiff pursuant to the PSA, a copy of which she attached to her affidavit. Based upon her personal knowledge and her review of the books and records maintained by Wells Fargo in the course of business as loan servicer, the affiant stated that Wells Fargo mailed a 90-day notice pursuant to RPAPL 1304 to the defendants at the mortgaged property by both certified and first-class mail. She further explained that in 2012, Wells Fargo's regular practice was to generate and date such notices with the date on which the notice is printed, and, once mailed, to place a copy of the notice in Wells Fargo's file for that mortgage loan, as a record that the 90-day notice was mailed. In this case, she averred, two copies of each 90-day notice were printed: one was sent to the defendants at the mortgaged property by first-class mail, and the other was sent to the defendants at the mortgaged property by certified mail, which was "reflected in the copy with the twenty-digit U.S. Postal Service tracking number at the top of the notice." She further confirmed that, pursuant to RPAPL 1306, Wells Fargo filed the RPAPL 1304 notices with the Superintendent of Banks within three business days. In addition, she attached to her affidavit copies of the RPAPL 1304 notices with indicia of mailing, as well as a proof of filing statement pursuant to RPAPL 1306. In opposition to the plaintiff's cross motion, the defendants failed to raise a triable issue of fact (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and to grant those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court