Portfolio Recovery Assoc., LLC v Klimek (2025 NY Slip Op 51312(U))

[*1]

Portfolio Recovery Assoc., LLC v Klimek

2025 NY Slip Op 51312(U)

Decided on August 21, 2025

Supreme Court, Schenectady County

Buchanan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2025
Supreme Court, Schenectady County

Portfolio Recovery Associates, LLC, Plaintiff,

against
Jody Klimek, Defendant.

Index No. 2025-907

Thomas D. Buchanan, J.

This matter comes before the Court on the motion of defendant Jody Klimek ("Defendant") to dismiss the Complaint pursuant to CPLR §§3211(a)(3) & (a)(8). Plaintiff has not opposed the motion. This action asserts a claim for monies due from Defendant to Plaintiff pursuant to a certain credit card agreement. 
A motion to dismiss under CPLR §3211 has a somewhat limited scope, in that it is addressed to the sufficiency of the Complaint rather than the ultimate merit of the claim being asserted. When addressing a CPLR §3211 motion to dismiss, the Court must accept the facts as alleged in the Complaint as true, accord Plaintiff the benefit of every possible favorable inference and determine only whether the allegations in the Complaint fit within a cognizable legal theory (Leon v. Martinez, 84 NY2d 83, 88 [1994]). 
Defendant first asserts that Plaintiff lacks standing, or in the terminology of 3211(a)(3), "legal capacity to sue." A reading of the Complaint reveals that Plaintiff alleges a credit card agreement between Citibank, N.A. and Defendant, Defendant's use of the credit extended by Citibank, Defendant's default in repayment, and the sale and assignment of the subject Citibank account to Plaintiff. Defendant argues that Plaintiff has failed to present admissible evidence of its standing, either in conjunction with the Complaint or in response to Defendant's discovery demands, in that Plaintiff has not produced proper documentation of the assignment of the alleged debt from Citibank. 
Whether Plaintiff has presentated sufficient evidence to prove the assignment is actually beyond the scope of this motion to dismiss. By the applicable standard found in the Leon case, this Court must assume the truth of the allegations in the Complaint and afford Plaintiff every favorable inference. Doing so, the Complaint contains allegations of the necessary elements of a claim for breach of contract (Prendergast v. Swiencicky, 183 AD3d 945 [3d Dept 2020]). The Complaint also alleges the assignment of the credit account from Citibank to Plaintiff, so that Plaintiff "stands in the shoes" of Citibank and has legal capacity to sue (General Obligations Law §13-105; see e.g. BAC Home Loans Servicing, LP v. Bixby, 135 AD3d 1009 [3d Dept 2016])
While the sufficiency Plaintiff's proof of standing will ultimately be tested either at trial or on a motion for summary judgment, the focus here is on whether the Complaint sufficiently alleges standing, which it does. Likewise, Plaintiff's failure to respond to Defendant's discovery demands can be addressed by appropriate motions pursuant to CPLR §3124 and §3126, but it is not relevant to the current motion. Defendant's motion to dismiss thus fails on this ground. 
Defendant next asserts a lack of personal jurisdiction over him, arguing that service upon him was incomplete and ineffective. Defendant points to the Affidavit of Service filed by Plaintiff, which asserts that Defendant was served pursuant to CPLR 308(2) by delivery of the Summons and Complaint to a person of suitable age and discretion at Defendant's residence, followed by mailing a copy of the Summons and Complaint to Defendant at his residence. Defendant does not dispute that the Summons and Complaint were delivered to his wife, that she was a person of suitable age and discretion, and that delivery was accomplished at his actual residence. Nor does Defendant dispute the follow-up mailing of the Summons and Complaint to him at his residential address. Defendant's argument centers on statement in the Affidavit of Service that the server inquired as to whether Defendant was a member of the armed forces, an inquiry which he asserts was never made. 
Defendant submits an affidavit from his wife, in which she states that she spoke with the process server but was never asked if Defendant was serving in the armed forces. Both federal and New York state laws contain protections for persons in military service who are subject to lawsuits. The federal statute, known as the Soldiers and Sailors Relief Act, protects members of the armed services from the entry of a default judgment against them based on their nonappearance in an action while away on active duty. The core requirement is found in 50 USC §3931, which provides in relevant part:
In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit —
(A) Stating whether or not the defendant is in military service and showing necessary facts to support the affidavit . . .
While process servers typically ask the person served about the defendant's military status, the federal statutory requirement can, by its own terms, be met at any time prior to entry of judgment. It is not part of the requirements for valid service of process under CPLR §308. 

The New York version, found in Military Law §§303(1) & 306, allows a court to appoint an attorney to represent a person absent due to military service, or to stay execution of a judgment, or to vacate a default judgment obtained against a person during the period of their military service. These provisions are not applicable to the situation in this case. Indeed, none of the federal or state statutory provisions make inquiry about a defendant's military service a jurisdictional requirement when the defendant is served with process. This ground for Defendant's motion to dismiss is also unavailing.
The remaining contentions found in Defendant's papers on this motion relate to alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant states in the cover letter submitted with his motion papers that his submissions also relate to his counterclaim, which asserts violation of the FDCPA. While these allegations will also be considered as this case progresses, they are not applicable to the Court's review of the Complaint on this CPLR §3211 motion to dismiss. 
In sum, Defendant's motion to dismiss the Complaint in this action on the grounds that Plaintiff lacks standing and that service of process on Defendant was defective must be denied. Defendant's remaining contentions have been considered, but do not alter the outcome of this CPLR §3211 motion. Therefore, in consideration of the foregoing, it is hereby
ORDERED, that the motion by Defendant to dismiss the Complaint in this action pursuant to CPLR §3211 is denied.
Dated. August 21, 2025
ENTER.
Thomas D. Buchanan
Supreme Court Justice
Papers considered:
Submissions by Defendant found at NYSCEF Documents 5 — 15 and 17 — 32.